# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JUSTIN BLAKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID BETH, COUNTY OF KENOSHA,<br>KYLE BISSONNETTER, JACOB DICELLO,<br>GLORIA GALVAN, DEREEMEYUN HAYNES,<br>JEREMY MAY, JOHN DOE OFFICERS in the<br>Kenosha Sheriff's Department 1-10,<br>WISCONSIN COUNTY MUTUAL INSURANCE<br>COMPANY, and ABC INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No.: 2:22-CV-0970<br><br>Jury Trial Demanded |

## JOINT RULE 26(f) REPORT

Pursuant to the Court's Order in Dkt. No. 17 on October 25, 2022, the Court ordered the parties to submit a Joint FRCP 26(f) Report. The parties held their status conference on November 10, 2022.

## I.　NATURE OF THE CASE

This is a civil action brought pursuant to 42 U.S.C. § 1983. This case arises from the arrest of Plaintiff Justin Blake on **April 25, 2021** by members of the Kenosha County Sheriff's Department. Blake was holding a silent protest outside of the Public Safety Building in the City of Kenosha. When approached by sheriff's deputies, Blake refused to provide his name, although members of the Sheriff's Department knew who he was. Blake was arrested and placed into an emergency restraint chair ("ERC") and restrained for almost seven hours in retaliation for refusing to provide his name and for exercising his First Amendment rights to protest.

1

Defendants expressly deny these allegations and maintain that the actions of the Kenosha County Sheriff's Department, and its members, were constitutionally sound and did not violate Plaintiff's constitutional rights. The Defendants assert various affirmative defenses, including qualified immunity.

## II. PROPOSED DISCOVERY PLAN

### A. Initial Disclosures.

The parties agree to exchange initial disclosures under Rule 26(a)(1) on or before **November 30, 2022.**

### B. Amendment of Pleadings.

The parties agree that amendments to pleadings are due on or before **February 15, 2023.**

### C. Nature of Discovery.

The Parties anticipate discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions, and expert depositions.

1. Discovery may be needed regarding the following subjects: the factual circumstances regarding the subject incident, policies, and procedures of the Defendants, liability, and damages.

2. The Parties do not anticipate that discovery will need to be conducted in phases or otherwise limited.

3. The parties propose that non-expert discovery shall be completed by **August 15, 2023.**

### D. Expert Discovery.

Expert discovery may be necessary with regards to the injuries suffered by Plaintiff, as well as the policies and procedures of Defendant Sheriff's Department. The following are additional proposed cut-off dates with respect to experts:

1. Plaintiffs Expert Disclosures: **June 15, 2023**

2. Defendants Expert Disclosures: **September 15, 2023**

3. The parties propose that expert discovery shall be completed by **October 20, 2023.**

**E.     Contemplated Motions.**

The Defendants also anticipate bringing a motion for summary judgment regarding all claims raised against them. The parties propose that dispositive motions shall be briefed, filed, and served on or before **September 22, 2023.**

**F.     Estimated Length of Trial.**

The parties estimate trial will last 2-3 days. The Plaintiffs anticipate the case will be ready for trial by **January 22, 2024.**

**G.     Whether any party is requesting a Jury Trial.**

The parties request a jury trial.

**H.     Possibility of Prompt Resolution or Settlement.**

The parties did not engage in settlement discussions prior to filing of this lawsuit.

**I.     Discovery Limitations**

The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules, and by the Court's customary Scheduling Order. The parties reserve the right to seek relief from the Civil L.R. 33(a)(1) limitation of 25 interrogatories, the FRCP 30(d)(1) limitation

of 1 day of 7 hours for the duration of depositions, and the 10-deposition limit per party set forth in FRCP 30(a)(2)(A)(i) and FRCP 31(a)(2)(A)(1), if necessary.

    **J.**    **Electronically stored information.**

All relevant and accessible electronically stored information will be preserved for future use in this matter in its original form. Additionally, any electronic discovery exchanged will be produced in .pdf format where feasible or some other format that facilitates meaningful use of the information. The parties reserve the right to request particular documents in native format at a later time. All requests for electronic discovery and/or for the production of electronically stored information in a format other than a .pdf will be governed by the proportionality standard set forth in Rule 26(b)(2)(C).

    **K.**    **Claims of Privilege and Work Product.**

The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed a waiver or impairment per se of any claim of privilege or protection.

The parties agree that communications between a party and its trial counsel do not need to be included on any privilege log provided pursuant to Rule 26(b)(5). The parties further agree that other communications and documents generated after commencement of this litigation on August 23, 2022, if privileged or protected as work product, do not need to be included on any privilege log provided pursuant to Rule 26(b)(5).

The parties will conduct discovery in good faith and will attempt to resolve any discovery-related dispute without intervention from the Court. Parties will seek entry of a Protective Order from the Court if it intends not to produce any unprivileged and

discoverable information for purpose of facilitating efficient discovery of confidential and/or sensitive information.

At this time, the parties do not anticipate any other orders that the court should issue under FRCP 26(c) or under FRCP 16(b) and (c).

The parties have discussed all matters addressed in this joint submission.

Dated at Milwaukee, Wisconsin this 10th day of November, 2022.

**MOTLEY LEGAL SERVICES**

By: */s/ Kimberley Motely*
Kimberley Motely, Wis. Bar No: 1047193
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
(704) 763-5413 (phone)
kmotley@motleylegal.com

**CRIVELLO CARLSON, S.C.**

By: *s/Brianna J. Myer*
Samuel C. Hall, Jr., WI Bar No. 1045476
Steven C. McGaver, WI Bar No. 1051898
Brianna J. Meyer, WI Bar No. 1098293
710 N. Plankinton Avenue, Suite 900
Milwaukee, WI 53203
(414) 271-7722 (phone)
(414) 271-4438 (fax)
shall@crivellocarlson.com
smcgaver@crivellocarlson.com
bmeyer@crivellocarlson.com

Attorneys for Defendants

**CADE LAW GROUP LLC**

By: */s/ Nathaniel Cade, Jr.*
Nathaniel Cade, Jr. SBN: 1028115
Annalisa Pusick SBN: 1116379
Antonique Williams SBN: 1051850
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-law.com
antonique@cade-law.com

Attorneys for Plaintiffs


Attorneys for Defendants