IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JUSTIN BLAKE,

    Plaintiff,

    v.                                Case No. 22-CV-970

DAVID BETH in his individual capacity and official
capacity,
COUNTY OF KENOSHA a municipal corporation,
KYLE BISSONNETTE in his official capacity,
JACOB DiCELLO in his official capacity,
GLORIA GALVAN in her official capacity,
DEREEMEYUN HAYNES in his official capacity
JEREMY MAY in his official capacity,
JESSICA BERGMANN in her individual and official capacity,
VISITING NURSE CARE, INC.,
KENOSHA VISITING NURSE ASSOCIATION,
JOHN DOE OFFICERS in the Kenosha County
Sheriff's Department 1-10,
JANE DOE MEDICAL PROFESSIONALS in their
individual and official acpacities
WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY, and
ABC INSURANCE COMPANY,

    Defendants.

---

**DEFENDANTS DAVID G. BETH, COUNTY OF KENOSHA, KYLE BISSONNETTE, JACOB DICELLO, GLORIA GALVAN, DEREEMEYUM HAYNES, JEREMY MAY'S, JOHN DOE OFFICERS IN THE KENOSHA COUNTY SHERIFF'S DEPARTMENT 1-10, AND WISCONSIN MUNICIPAL MUTUAL INSURANCE COMPANY, IMPROPERLY NAMED AS WISCONSIN COUNTY MUTUAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

---

    Defendants, David G. Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria

Galvan, Dereemeyum Haynes, Jeremy May, John Doe Officers in the Kenosha County Sheriff's

Department 1-10, and Wisconsin County Mutual Insurance Company[1] (hereafter, the "County Defendants"), by their attorneys, Crivello, Nichols & Hall, S.C., answer the Plaintiff's Third Amended Complaint filed August 28, 2023, as follows:

## INTRODUCTION

1.     In answering paragraph 1, the County Defendants deny that Plaintiff was tortured, suffered severe pain, or unlawfully arrested at the hands of Defendants, whether directly or indirectly, and put Plaintiff to its proof. The County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

2.     In answering paragraph 2, the County Defendants deny that Defendants' actions were deliberate and unreasonable and put Plaintiff to its proof. The County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

3.     In answering paragraph 3, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

---

[1] Wisconsin County Mutual Insurance Company was improperly named in Plaintiff's Third Amended Complaint; the correct insurer is Wisconsin Municipal Mutual Insurance Company.

## JURISDICTION AND VENUE

4.      In answering paragraph 4, the County Defendants aver that they are unable to confer jurisdiction by admission and therefore deny the allegations contained therein; as further answer, County Defendants lack knowledge and information sufficient to form a belief as to the truth of any remaining allegations contained therein, and therefore deny the same putting Plaintiff specifically to his proof thereon.

5.      In answering paragraph 5, the County Defendants aver that they are unable to confer jurisdiction by admission and therefore deny the allegations contained therein; as further answer, County Defendants lack knowledge and information sufficient to form a belief as to the truth of any remaining allegations contained therein, and therefore deny the same putting Plaintiff specifically to his proof thereon.

6.      In answering paragraph 6, the County Defendants aver that they are unable to confer jurisdiction by admission and therefore deny the allegations contained therein; as further answer, County Defendants lack knowledge and information sufficient to form a belief as to the truth of any remaining allegations contained therein, and therefore deny the same putting Plaintiff specifically to his proof thereon.

7.      In answering paragraph 7, the County Defendants aver that they are unable to confer venue by admission and therefore deny the allegations contained therein; as further answer, County Defendants lack knowledge and information sufficient to form a belief as to the truth of any remaining allegations contained therein, and therefore deny the same putting Plaintiff specifically to his proof thereon.

## THE PARTIES TO THE COMPLAINT

8.    In answering paragraph 8, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

9.    In answering paragraph 9, the County Defendants admit that David Beth was Kenosha County Sheriff at the time of the allegations in the complaint and that he was acting within the scope of his employment and under the color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin. The County Defendants lack sufficient information at this time as to residence.

10.    In answering paragraph 10, the County Defendants affirmatively state Defendant Kenosha County is a municipal entity in the State of Wisconsin and is located at 1010 56th Street, Kenosha, WI 53140. Kenosha County, through the Kenosha County Sheriff's Department manages, oversees and operates the Kenosha County Jail. The responsibility to provide medical care to prisoners and others in the custody of the Kenosha County Jail is contracted to a third party. Admit that Kenosha County is responsible for the training, supervising, and disciplining of all Jail employees and Department employees, adopting, implementing, and enforcing KSD Departmental procedures, policies and practices, and ensuring proper jail conditions and treatment of detainees comply with United States Constitution and other federal, state and local laws, as well as written jail policies and policies of Kenosha County Sheriff's Department.

11.    In answering paragraph 11, the County Defendants admit that Kyle Bissonnette was an officer with the Kenosha County Sheriff's Office at the time of the allegations in the complaint and that he was acting within the scope of his employment and under the color of the

4

statutes, ordinances, customs, policies, and usages of the State of Wisconsin. The County Defendants lack sufficient information at this time as to residence.

12.     In answering paragraph 12, the County Defendants admit that Jacob DiCello was an officer with the Kenosha County Sheriff's Office at the time of the allegations in the complaint and that he was acting within the scope of his employment and under the color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin. The County Defendants lack sufficient information at this time as to residence.

13.     In answering paragraph 13, the County Defendants admit that Gloria Galvan was an officer with the Kenosha County Sheriff's Office at the time of the allegations in the complaint and that he was acting within the scope of his employment and under the color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin. The County Defendants lack sufficient information at this time as to residence.

14.     In answering paragraph 14, the County Defendants admit that Jeremy May was an officer with the Kenosha County Sheriff's Office at the time of the allegations in the complaint and that he was acting within the scope of his employment and under the color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin. The County Defendants lack sufficient information at this time as to residence.

15.     In answering paragraph 15, the County Defendants admit that Dereemeyun Haynes was an officer with the Kenosha County Sheriff's Office at the time of the allegations in the complaint and that he was acting within the scope of his employment and under the color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin. The County Defendants lack sufficient information at this time as to residence.

5

16.     In answering paragraph 16, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

17.     In answering paragraph 17, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants admit only that Kenosha County contracts with Visiting Nurse Community Care, Inc. ("VNCC") to provide healthcare services to persons in custody at the Kenosha Secure Detention Facility. The County Defendants lack sufficient information at this time as to the location of VNCC's corporate offices. The County Defendants deny the remaining allegations and put Plaintiff to its proof.

18.     In answering paragraph 18, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants admit only that Kenosha County contracts with Kenosha Visiting Nurse Association ("KVNA") to provide healthcare services to persons in custody at the Kenosha Secure Detention Facility. The County Defendants lack sufficient information at this time as to the location of KVNA's corporate offices. The County Defendants deny the remaining allegations and put Plaintiff to its proof.

19.     In answering paragraph 19, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

20.     In answering paragraph 20, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny knowledge

6

or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

21.     In answering paragraph 21, the County Defendants deny and affirmatively state that Wisconsin Municipal Insurance Company issued policy of liability insurance to Kenosha County, the terms, conditions, and provisions of this policy speak for themselves.

22.     In answering paragraph 22, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

23.     In answering paragraph 23, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

## FACTS

24.     In answering paragraph 24, the County Defendants affirmatively admit that the named individual County Defendants were acting under color of law at the times alleged in the complaint. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

25.     In answering paragraph 25, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

26.     In answering paragraph 26, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

27.     In answering paragraph 27, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

28.     In answering paragraph 28, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

29.     In answering paragraph 29, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

30.     In answering paragraph 30, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff s rights were not violated or infringed by these answering Defendants.

31.     In answering paragraph 31, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

32.     In answering paragraph 32, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County

8

Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

33.     In answering paragraph 33, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

34.     In answering paragraph 34, the County Defendants admit Mr. Blake is black, and that Mr. Barker and Mr. Cardinali are white. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

35.     In answering paragraph 35, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

36.     In answering paragraph 36, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

37.     In answering paragraph 37, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

9

38.     In answering paragraph 38, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

39.     In answering paragraph 39, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

40.     In answering paragraph 40, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

41.     In answering paragraph 41, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

42.     In answering paragraph 42, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

43.     In answering paragraph 43, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County

Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

44. In answering paragraph 44, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

45. In answering paragraph 45, the County Defendants admit that Mr. Barker and Mr. Cardinali were not put in the ERC after their arrest. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

46. In answering paragraph 46, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

47. In answering paragraph 474, the County Defendants deny that Mr. Blake was put in the ERC as punishment for exercising his right to remain silent and put Plaintiff to its proof.

48. In answering paragraph 48, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

49. In answering paragraph 49, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County

11

Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

50.     In answering paragraph 50, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

51.     In answering paragraph 51, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

52.     In answering paragraph 52, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

53.     In answering paragraph 53, the County Defendants deny that Mr. Blake was put in the ERC as punishment for exercising his right to remain silent and put Plaintiff to its proof.

54.     In answering paragraph 54, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

55.     In answering paragraph 55, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County

12

Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

56.     In answering paragraph 56, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

57.     In answering paragraph 57, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

58.     In answering paragraph 58, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

59.     In answering paragraph 59, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

60.     In answering paragraph 60, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

61.     In answering paragraph 61, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

62.     In answering paragraph 62, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

63.     In answering paragraph 63, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

64.     In answering paragraph 64, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

65.     In answering paragraph 65, the County Defendants deny that Mr. Blake was put in the chair because Defendant officers and John Doe officers were punishing him for exercising his right to remain silent and put Plaintiff to its proof.

66.     In answering paragraph 66, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County

14

Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

127. In answering incorrectly numbered paragraph 127, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

128. In answering incorrectly numbered paragraph 128, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. §1983 – First Amendment Violation
### (Against Defendant Beth and Kenosha County)

67. In answering paragraph 67, the County Defendants reallege and incorporate their answers to paragraphs 1 through 66 above.

68. In answering paragraph 68, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

69. In answering paragraph 69, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

15

70.     In answering paragraph 70, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

71.     In answering paragraph 71, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

72.     In answering paragraph 72, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

73.     In answering paragraph 73, the County Defendants admit that Defendant Beth is the Sheriff and chief policymaker for the Kenosha County Sheriffs' Department.

74.     In answering paragraph 74, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

75.     In answering paragraph 75, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

76.     In answering paragraph 76, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that the arrest and citation of Plaintiff is a content-based or viewpoint-based restriction on speech, or

both and put Plaintiff to its proof. As further answer, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety.

77.   In answering paragraph 77, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Plaintiff's arrest was a denial of his right to free speech guaranteed by the First Amendment to the Constitution of the United States and put Plaintiff to its proof. As further answer, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety.

78.   In answering paragraph 78, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that by arresting Plaintiff, Defendants prevented Plaintiff from engaging in a protest that was a matter of public concern and put Plaintiff to its proof. As further answer, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety.

79.   In answering paragraph 79, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that by charging, investigating, and prosecuting Plaintiff for his constitutionally protected expressive activity, Defendants have chilled Plaintiff from exercising his First Amendment right and put Plaintiff to its proof. As further answer, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety.

80.   In answering paragraph 80, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. The County Defendants further deny any wrongdoing, improper conduct or violation

17

of Plaintiff's constitutional rights. As further answer, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety.

81.     In answering paragraph 81, deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants or that Plaintiff suffered any damages.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. §1983 – First Amendment Retaliation
### (Against Defendants Bissonnette, DiCello, Galvan, Hayes, May, and John Doe Officers)

82.     In answering paragraph 82, the County Defendants reallege and incorporate their answers to paragraphs 1 through 81 above.

83.     In answering paragraph 83, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Plaintiff was engaged in political speech protected by the First Amendment when he was allegedly peacefully protesting on April 25, 2021, and put Plaintiff to its proof.

84.     In answering paragraph 84, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

85.     In answering paragraph 85, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

18

86.     In answering paragraph 86, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

87.     In answering paragraph 87, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

88.     In answering paragraph 88, the County Defendants deny and put Plaintiff to its proof.

89.     In answering paragraph 89, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

90.     In answering paragraph 90, the County Defendants deny that the content of Plaintiff's speech and protest was the motivating factor for the individual Defendant officers' alleged decision to retaliate by use of force and put Plaintiff to its proof.

91.     In answering paragraph 91, the County Defendants deny that officers issued disorderly conduct and obstruction/resisting an officer charges against Mr. Blake for his participation in a silent political protest and put Plaintiff to its proof.

92.     In answering paragraph 92, the County Defendants deny that Mr. Blake's protest was the motivating factor for Defendant Officers' decision to issue charges and put Plaintiff to its proof. The County Defendants further deny that any charges constituted retaliation and put Plaintiff to its proof.

93.     In answering paragraph 93, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

94.     In answering paragraph 94, the County Defendants deny that the content of Plaintiff's speech and protest was the motivating factor for Defendant Bissonnette's decision to issue a citation and put Plaintiff to its proof. The County Defendants further deny that any citation issued constituted retaliation and put Plaintiff to its proof.

95.     In answering paragraph 95, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

96.     In answering paragraph 96, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

97.    In answering paragraph 97, the County Defendants deny that Defendants Bissonnette, May, DiCello, Galvan, Haynes and John Doe officers' actions caused Plaintiff to suffer damages and put Plaintiff to its proof.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. §1983 – Deliberate Indifference
### (Against Defendant Beth, Kenosha County and John Does 1-10)

98.    In answering paragraph 98, the County Defendants reallege and incorporate their answers to paragraphs 1 through 97 above.

99.    In answering paragraph 99, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

100.    In answering paragraph 100, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

101.    In answering paragraph 101, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Defendant Beth and John Doe Deputies were aware that KSD officers were allegedly using excessive force and retaliating against Mr. Blake on the basis of his viewpoints. The County Defendants further deny that Defendant Beth and John Doe Deputies did nothing to stop the alleged force and/or retaliation and put Plaintiff to its proof.

21

102. In answering paragraph 102, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

103. In answering paragraph 103, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

104. In answering paragraph 104, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

105. In answering paragraph 105, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Defendant Beth, Kenosha County and certain John Doe Deputies were deliberately indifferent to the needs of Mr. Blake and put Plaintiff to its proof. The County Defendants admit that at the time of the allegations in the complaint, Defendant Beth, Kenosha County and John Doe Deputies acted under the color of State law.

106. In answering paragraph 106, the County Defendants deny their actions caused, directly and proximately, Plaintiff's to suffer any damages.

22

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. §1983 – First Amendment Violation (Excessive Force & Arrest)
### (Against Defendants May, DiCello, Galvan, Haynes and John Doe Officers)

107.    In answering paragraph 107, the County Defendants reallege and incorporate their answers to paragraphs 1 through 106 above.

108.    In answering paragraph 108, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Plaintiff was engaged in political speech protected by the First Amendment and put Plaintiff to its proof.

109.    In answering paragraph 109, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

110.    In answering paragraph 110, the County Defendants deny that any actions were taken to stop Mr. Blake from protesting police violence and put Plaintiff to its proof.

111.    In answering paragraph 111, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that the arrest and charging of Plaintiff was a content-based or viewpoint-based restriction on speech, or both and put Plaintiff to its proof.

112.    In answering paragraph 112, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Plaintiff's arrest was a denial of his right to free speech guaranteed by the First Amendment to the Constitution of the United States and put Plaintiff to its proof.

23

113.     In answering paragraph 113, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Defendants prevented Plaintiff from silently protesting a matter of public concern.

114.     In answering paragraph 114, the County Defendants deny that Plaintiff was subjected to excessive force by Defendant Officers May, DiCello, Galvan, Haynes and John Doe Defendants on the basis of his political expression and put Plaintiff to its proof.

115.     In answering paragraph 115, the County Defendants deny that Plaintiff was not engaged in any violent, destructive, criminal, or other behavior which would warrant the use of such alleged force and put Plaintiff to its proof.

116.     In answering paragraph 116, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

117.     In answering paragraph 117, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

118.     In answering paragraph 118, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

24

119.     In answering paragraph 119, the County Defendants admit that Defendant Beth is the Sheriff and chief policymaker for the Kenosha County Sheriffs' Department.

120.     In answering paragraph 120, the County Defendants admit that The Kenosha Secure Detention Facility, where Mr. Blake was taken and detained on April 25 & 26, 2021 is under the jurisdiction of the Kenosha County Sheriff's Department.

121.     In answering paragraph 121, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

122.     In answering paragraph 122, the County Defendants deny that any of the Defendants' actions caused, directly or proximately, Plaintiff to suffer any damages. and put Plaintiff to its proof.

### FIFTH CLAIM FOR RELIEF
**42 U.S.C. §1983 – Excessive Force (4th and 14th Amendments)**
**(Against Defendant Bergmann, Defendant Officers and John Doe Officers)**

123.     In answering paragraph 123, the County Defendants reallege and incorporate their answers to paragraphs 1 through 122 above.

124.     In answering paragraph 124, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and put Plaintiff to its proof.

125.     In answering paragraph 125, the County Defendants deny that between April 25, 2021, and April 26, 2021, Defendant Officers May, DiCello, Galvan, Haynes, John Doe Officers,

and Defendant Bergmann used unnecessary alleged excessive force, that was unjustified and objectively unreasonable in light of the facts and circumstances confronting them against Mr. Blake and put Plaintiff to its proof.

126. In answering paragraph 126, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

127. In answering paragraph 127, the County Defendants deny and affirmatively state that Mr. Blake was ultimately arrested for disorderly conduct and obstructing/resisting an officer. The remaining allegations contained within paragraph 127 seek a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Defendant Officers May, DiCello, Galvan, Haynes, John Doe officers, and Defendant Bergmann use objectively unreasonable excessive force against Mr. Blake between April 25, 2021, and April 26, 2021, and put Plaintiff to its proof.

128. In answering paragraph 128, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

129. In answering paragraph 129, the County Defendants the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. The County Defendants deny that while acting law

26

enforcement deprived Plaintiff of his Fourth Amendment right for which Plaintiff is entitled to damages allegedly proximately caused thereby and put Plaintiff to its proof.

130.     In answering paragraph 130, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

131.     In answering paragraph 131, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

132.     In answering paragraph 132, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that Defendants' alleged actions violated the 4th and 14th Amendments and put Plaintiff to its proof.

133.     In answering paragraph 133, the County Defendants deny that any of the Defendants' actions caused, directly or proximately, Plaintiff to suffer any damages and put Plaintiff to its proof.

### SIXTH CLAIM FOR RELIEF
**42 U.S.C. §1983 – Cruel and Unusual Punishment (8th and 14th Amendments)**
**(Against Defendants Bergmann, May, DiCello, Galvan, Haynes and John Doe Officers)**

134.     In answering paragraph 134, the County Defendants reallege and incorporate their answers to paragraphs 1 through 133 above.

135.     In answering paragraph 135, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County

27

Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

136.     In answering paragraph 136, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiff's rights were not violated or infringed by these answering Defendants.

137.     In answering paragraph 137, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. County Defendants further deny that Defendants tortured Mr. Blake for which Plaintiff is entitled to damages allegedly proximately caused thereby and put Plaintiff to its proof.

138.     In answering paragraph 138, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny that unless restrained by this Court, Defendants will continue to engage in the unconstitutional and illegal conduct alleged in the complaint, or any other unconstitutional or illegal conduct, causing irreparable harm to individuals detained in Kenosha and put Plaintiff to its proof.

139.     In answering paragraph 139, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

140.     In answering paragraph 140, the County Defendants deny that any of the Defendants' actions caused Plaintiff to suffer any damages. and put Plaintiff to its proof.

## SEVENTH CLAIM FOR RELIEF
### 42 U.S.C. §1983 – Failure to Intervene (8th and 14th Amendments)
### (Against Defendants Bergmann, Bissonnette, DiCello, Galvan, Hayes, May, John Doe Officers, and Beth)

141.    In answering paragraph 141, the County Defendants reallege and incorporate their answers to paragraphs 1 through 140 above.

142.    In answering paragraph 142, the County Defendants deny and put Plaintiff to its proof.

143.    In answering paragraph 143, the County Defendants deny and put Plaintiff to its proof.

144.    In answering paragraph 144, the County Defendants deny and put Plaintiff to its proof.

145.    In answering paragraph 145, the County Defendants deny and put Plaintiff to its proof.

146.    In answering paragraph 146, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

147.    In answering paragraph 147, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

148.    In answering paragraph 148, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

29

149.    In answering paragraph 149, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. County Defendants further deny that Defendants alleged failure to act caused harm to Mr. Blake.

150.    In answering paragraph 150, the County Defendants affirmatively state Defendant Bergmann and Jane Doe Medical Providers were acting under color of law at the times alleged in the complaint. County Defendants further deny that Defendants alleged failure to act caused harm to Mr. Blake.

151.    In answering paragraph 151, the County Defendants deny and put Plaintiff to its proof.

152.    In answering paragraph 152, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

153.    In answering paragraph 153, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint.

154.    In answering paragraph 154, the County Defendants deny that any of the Defendants' actions caused Plaintiff to suffer any damages and put Plaintiff to its proof.

**EIGHTH CLAIM FOR RELIEF**
**Excessive Detention (Less than 48 hours)**
**(Against Defendant John Doe Officers)**

155.    In answering paragraph 155, the County Defendants reallege and incorporate their answers to paragraphs 1 through 154 above.

30

156.     In answering paragraph 156, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

157.     In answering paragraph 157, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

158.     In answering paragraph 158, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

159.     In answering paragraph 159, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint.

160.     In answering paragraph 160, the County Defendants deny that any of the Defendants' actions caused Plaintiff to suffer any damages and put Plaintiff to its proof.

### NINTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
**(Against Defendant Bergmann, Bissonnette, DiCello, Galvan, Haynes, May, and John Doe Officers)**

161.     In answering paragraph 161, the County Defendants reallege and incorporate their answers to paragraphs 1 through 160 above.

162.     In answering paragraph 162, the County Defendants deny and put Plaintiff to its proof.

163.     In answering paragraph 163, the County Defendants deny and put Plaintiff to its proof.

164. In answering paragraph 164, the County Defendants deny and put Plaintiff to its proof.

165. In answering paragraph 165, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

166. In answering paragraph 166, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

167. In answering paragraph 167, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint.

168. In answering paragraph 168, the County Defendants deny that any of the Defendants' actions caused Plaintiff to suffer any damages. and put Plaintiff to its proof.

**TENTH CLAIM FOR RELIEF**
**State Law Indemnification**
**(Against Kenosha County)**

169. In answering paragraph 169, the County Defendants reallege and incorporate their answers to paragraphs 1 through 168 above.

170. In answering paragraph 170, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

32

171.    In answering paragraph 171, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

## ELEVENTH CLAIM FOR RELIEF
### Negligent Hiring, Training, and Supervision
### (Against Visiting Nurse Community Care, Inc., Kenosha Visiting Nurse Association and Kenosha County)

172.    In answering paragraph 172, the County Defendants reallege and incorporate their answers to paragraphs 1 through 171 above.

173.    In answering paragraph 173, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

174.    In answering paragraph 174, admit Kenosha County hired VNCC and KVNA to perform its healthcare services for the persons detained, jailed, or incarcerated by Kenosha County law enforcement officers. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

175.    In answering paragraph 175, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

176.    In answering paragraph 176, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

33

177.    In answering paragraph 177, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

178.    In answering paragraph 178, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

179.    In answering paragraph 179, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

180.    In answering paragraph 180, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

## TWELFTH CLAIM
### Respondeat Superior
### (Against Defendants Visiting Nurse Community Care, Inc.
### and Kenosha Visiting Nurse Association)

181.    In answering paragraph 181, the County Defendants reallege and incorporate their answers to paragraphs 1 through 180 above.

182.    In answering paragraph 182, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

183.    In answering paragraph 183, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

184.    In answering paragraph 184, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

185.    In answering paragraph 185, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

35

186.     In answering paragraph 186, the County Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and put Plaintiff to its proof.

187.     In answering paragraph 187, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

188.     In answering paragraph 188, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

189.     In answering paragraph 189, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

## THIRTEENTH CLAIM FOR RELIEF
### Monell Claim
### (Against Kenosha County)

190.     In answering paragraph 190, the County Defendants reallege and incorporate their answers to paragraphs 1 through 189 above.

36

191. In answering paragraph 191, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct, or violation of Plaintiff's constitutional rights.

192. In answering paragraph 192, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct, or violation of Plaintiff's constitutional rights.

193. In answering paragraph 193, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

194. In answering paragraph 194, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

195. In answering paragraph 195, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

196. In answering paragraph 196, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

196. In answering paragraph 196, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

197. In answering paragraph 197, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

198. In answering paragraph 198, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. As to the remaining allegations, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

199. In answering paragraph 199, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

<u>FOURTEENTH CLAIM FOR RELIEF</u>
**Failure to Render Aid**
**(Against David Beth, Kyle Bissonnette, Gloria Galvan, Dereemeyun Haynes, Jeremy May, Jessica Bergmann, John Doe Officers, and Jane Doe Medical Providers)**

200. In answering paragraph 200, the County Defendants reallege and incorporate their answers to paragraphs 1 through 199 above.

201. In answering paragraph 201, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

38

202.     In answering paragraph 202, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

203.     In answering paragraph 203, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

204.     In answering paragraph 202, the County Defendants deny and put Plaintiff to its proof.

205.     In answering paragraph 205, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

## FIFTEENTH CLAIM FOR RELIEF
### Direct Action Statute – Wis. Stat. §632.24
### (Against Defendant Insurance Companies)

206.     In answering paragraph 206, the County Defendants reallege and incorporate their answers to paragraphs 1 through 205 above.

207.     In answering paragraph 207, the County Defendants deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights. Defendants affirmatively admit that the applicable policies of insurance speak for themselves and deny any allegation contrary to the specific provisions contained within applicable policies of insurance.

208.     In answering paragraph 208, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

39

## SIXTEENTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Denial of Equal Protection
### (Against Kyle Bissonnette, Gloria Galvan, Dereemeyun Haynes, Jeremy May, Jessica Bergmann, John Doe Officers, Jane Doe Medical Providers, and Kenosha County)

209.    In answering paragraph 209, the County Defendants reallege and incorporate their answers to paragraphs 1 through 208 above.

210.    In answering paragraph 210, the County Defendants affirmatively state that the named individual County Defendants were acting under color of law at the times alleged in the complaint. As to the remaining allegations, the County Defendants deny Plaintiff's description is either complete or correct, and therefore deny in its entirety. The County Defendants further deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights.

211.    In answering paragraph 211, the County Defendants deny any wrongdoing, improper conduct or violation of Plaintiff's constitutional rights. Defendants affirmatively admit that the Constitution speaks for itself and deny any allegation contrary to the specific provisions contained within applicable policies of insurance.

212.    In answering paragraph 212, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny and put Plaintiff to its proof.

213.    In answering paragraph 213, the Count Defendants deny and put Plaintiff to its proof.

214.    In answering paragraph 214, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

40

215.   In answering paragraph 215, the Count Defendants deny and put Plaintiff to its proof.

216.   In answering paragraph 216, the Count Defendants deny and put Plaintiff to its proof.

217.   In answering paragraph 217, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

218.   In answering paragraph 218, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

219.   In answering paragraph 219, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

220.   In answering paragraph 220, this paragraph seeks a legal conclusion for which no answer is required. To the extent any answer is required, the County Defendants deny the allegations contained therein and put Plaintiff to its proof.

221.   Answering plaintiff's Prayer for Relief, including subparagraphs (1) through (12), the County Defendants deny.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's complaint fails to state claims upon which relief may be granted.

41

2. Plaintiff's claims are barred by failure to exhaust remedies and/or otherwise failure to comply with the statutory prerequisites to bringing the action and/or are otherwise not ripe.

3. Plaintiff may have failed to mitigate its damages.

4. Plaintiff's claims may be barred by claim and issue preclusion.

5. Plaintiff has no standing to raise some or all of its claims.

6. Plaintiff may be estopped from pursuing its claims or may have waived its right to pursue the claims by reason of its own actions, omissions and course of conduct.

7. Plaintiff may have failed to satisfy the notice requirements in Wis. Stat. § 893.80(1)(a) and (b).

8. Plaintiff's state law claims are subject to a damages cap pursuant to Wis. Stat. § 893.80.

9. Plaintiff's claims are barred in whole or in part by the doctrine of payment or release and barred due to accord, satisfaction, arbitration and award, and settlement.

10. Plaintiff's claims are barred in whole or in part by virtue of Plaintiff's own unclean hands.

11. Plaintiff's claims are barred by absolute, qualified, good-faith, or sovereign immunity.

12. Plaintiff's claims are moot because applicable regulations would preclude any decision of the court in plaintiff's favor from having any practical effect.

13. The County Defendants at all times acted in good faith based on the current state of the law.

**THE DEFENDANTS DEMAND A TRIAL BY A 12-PERSON JURY**

43

Dated this 11th day of September, 2023.

By: /s Brianna J. Meyer
      SAMUEL C. HALL, JR.
      State Bar No. 1045476
      STEVEN C. MCGAVER
      State Bar No. 1051898
      BRIANNA J. MEYER
      State Bar No. 1098293
      Attorneys for Defendants, David G. Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes, Jeremy May, John Doe Officers 1-10, and Wisconsin Municipal Mutual Insurance Company, improperly named as Wisconsin County Mutual Insurance Company
      CRIVELLO, NICHOLS & HALL, S.C.
      710 N. Plankinton Avenue, Suite 500
      Milwaukee, WI 53203
      Phone: (414) 271-7722
      Fax: (414) 271-4438
      E-mail:  shall@crivellocarlson.com
              smcgaver@crivellocarlson.com
              bmeyer@crivellocarlson.com

44