# Medical Screening

## 712.1 PURPOSE AND SCOPE
The purpose of this policy is to establish a medical screening process for newly booked inmates so that medical, mental health and dental issues are properly identified and addressed, and to obtain a medical clearance when necessary.

## 712.2 POLICY
It is the policy of this department that a medical screening be performed on all inmates upon arrival at the intake area to ensure that existing, emergent, and urgent health care, dental or mental health needs are identified, risks are assessed and inmates with contagious and communicable diseases are properly classified and housed for their health and the health of the general population (Wis. Admin. Code DOC § 350.13(1)).

## 712.3 ELEMENTS OF MEDICAL SCREENING
The medical screening shall be performed by health services personnel when available, but may also be performed by qualified health care professionals or health-trained custody staff. The Medical Director, in cooperation with the Captain of Detentions, shall establish protocols for use by health-trained correctional staff during the medical screening. All completed medical screenings should be forwarded to the Health Services Unit (HSU) and if appropriate, the Medical Director. A review of any positive findings shall be performed by a qualified health care professional.

Regardless of training, no inmate should be allowed to conduct health care evaluations or provide treatment to any other inmate.

All inmates shall complete a medical screening as part of the booking process. If an arrestee refuses to cooperate with the medical screening, the screener will complete as much of the health assessment as reasonably possible and the arrestee will be closely observed until he/she cooperates with the remainder of the screening process.

The Medical Director should work cooperatively with the Captain of Detentions to develop the medical screening forms, which should be applicable for general health, mental health and suicide screening purposes. The forms shall be completed and reviewed no later than 72 hours after the arrival of an inmate but if possible, prior to an inmate being housed in the general population (Wis. Admin. Code DOC § 350.13(3)).

All medical screening forms shall be forwarded to the HSU, and the qualified health care professionals shall be alerted to those that need priority attention (Wis. Admin. Code DOC § 350.13(2)).

### 712.3.1 MEDICAL SCREENING INQUIRY
The medical screening inquiry should include a review of the inmate's prior PTF or KCDC medical record, if any, and document the following (Wis. Admin. Code DOC § 350.13(1)):

**EXHIBIT P**

Copyright Lexipol, LLC 2021/04/23, All Rights Reserved.
Published with permission by Kenosha County Sheriff's Department

Documents Produced by Kenosha Co. 002128
Blake v. Kenosha Co., et al.

- Infectious or communicable disease conditions and symptoms, past or present and chronic illness or health issues
- Dental problems
- Mental illness, including psychiatric hospitalizations within the last three months
- Gender identity issues
- History of or current suicidal ideation (Wis. Admin. Code DOC § 350.17(2))
- Acute allergies
- Prescription or illegal drug use
- History or current symptoms of substance abuse withdrawal
- Current, recent or suspected pregnancy; any history of gynecological problems and present use and method of birth control
- Appearance or history of developmental disability or physical abnormalities
- Other health issues as identified by the Medical Director

Qualified health care professionals should assist in developing specific mental health medical screening questions and should provide training in analyzing inmate responses. The Medical Director should establish the role of the qualified health care professional in the medical screening process.

Should the medical screening identify a need for a more comprehensive medical assessment of the inmate, a qualified health care professional should initiate appropriate follow-up action, which may include transporting the inmate to an off-site medical facility (Wis. Admin. Code DOC § 350.13(2); Wis. Admin. Code DOC § 350.15(4)).

### 712.3.2   MEDICAL SCREENING OBSERVATION
The staff member completing the medical screening shall document the following observations:

(a)   General appearance

(b)   General behavior

(c)   State of consciousness (AVPU):

    1.   Alert - spontaneously responsive

    2.   Verbal - requires verbal stimulation to respond

    3.   Pain - requires painful stimulation to respond

    4.   Unresponsive - does not respond

(d)   Ability to physically function

(e)   Breathing

(f)   Skin conditions of any kind including bruising, injuries or any indication of drug use

(g)   Any other observable health symptoms

Documents Produced by Kenosha Co. 002129
Blake v. Kenosha Co., et al.

Case 2:22-cv-00970-PP    Filed 01/20/25    Page 2 of 5    Document 80-16

The Captain of Detentions and the Medical Director should develop a procedure through which it can be reliably determined what prescription medications the inmate is taking and the medical urgency for continuing those medications without interruption, regardless of whether the medications are brought in by the inmate or another person (Wis. Admin. Code DOC § 350.16(3)). All medication brought into the facility shall be as securely stored as any other medication provided by the facility (Wis. Admin. Code DOC § 350.16(4)).

### 712.3.3   DOCUMENTATION

Written documentation of the medical screening should include the name of the screener, the date and time and the following information:

- Immediate or scheduled referral to a medical, dental or mental health professional
- Guidance regarding housing placement, including disciplinary detention if necessary
- Guidance regarding activity limitations and work assignment
- The inmate's responses to questions asked by the interviewer
- Other individualized observations and recommendations

The initial medical screening should become part of the inmate's medical record and should be retained in accordance with established records retention schedules (Wis. Admin. Code DOC § 350.13(4)).

### 712.4   MEDICAL SCREENING DISPOSITIONS

Persons who are brought to the facility who are obviously in need of immediate medical attention shall be referred to a medical facility room for medical clearance. Medical conditions that require a medical clearance include, but are not limited to:

- Unconsciousness
- Uncontrolled bleeding
- Significant injuries from a motor vehicle accident
- Significant injuries from an altercation
- Significant injuries from handcuffs or other restraint devices
- Knife wounds, gunshot wounds, or lacerations
- Exposure to pepper spray, conducted energy device (CED) deployment or blunt force trauma during arrest
- Intoxicated to a degree that the individual cannot speak coherently or stand or walk unaided
- Recent drug overdose
- Suspected or known complications of pregnancy
- Active seizures

Case 2:22-cv-00970-PP   Filed 01/20/25   Page 3 of 5   Document 80-16

Documents Produced by Kenosha Co.
002130
Blake v. Kenosha Co., et al.

- Suspected or known complications of diabetes
- Exhibiting behavior indicating a potential danger to themselves or others
- Active tuberculosis or other serious contagious diseases
- Actively suicidal
- Any other medical condition, which, in the opinion of the booking personnel, should be urgently referred for evaluation by medically trained personnel.

Incoming inmates with these medical conditions are not suitable for admission to the facility until medically cleared by a qualified health care professional. This department requires medical clearance from an outside entity (e.g., hospital emergency room) when such inmates are identified. Required medical clearance shall be documented on an Ill or Injured Inmate Report. See attachment: Ill injured report.pdf . Typically, the arresting agency is responsible to ensure that the incoming inmate is medically cleared prior to admission into the Jail. If the arresting officer from an outside law enforcement agency refuses to obtain medical clearance, it will become the responsibility of the Kenosha County Sheriff's Department to do so. In such circumstances, PTF supervision will contact the Patrol Operations supervisor for assistance. In addition, anytime a member of an outside law enforcement agency refuses to obtain medical clearance, the PTF supervisor shall notify the Facility Administrator. An email is a suitable form of communication.

Medical clearance documentation shall include the medical diagnosis, treatment received at the emergency medical facility, any medications prescribed, any ongoing medical requirements, and any follow-up medical care that may be indicated before the arrestee is accepted for booking.

The Captain of Detentions is responsible for notifying local police agencies and the facilities' medical provider of the admission refusal policy and the required clearance documentation.

Based on the information obtained during the screening process, the classification disposition of the inmate shall be one of the following:

- General population, or other appropriate cell assignments
- General population, or other appropriate cell assignment and timely referral to appropriate health care services,
- Immediate referral to health care services prior to the housing

**712.5 HEALTH APPRAISAL**
Generally, a comprehensive health appraisal should occur within 14 days of booking (see the Health Appraisals Policy) (Wis. Admin. Code DOC § 350.13(5)). However, when it is appropriate and based on an inmate's health condition, an early health appraisal should be recommended. An inmate may also be cleared for housing in general population with prompt referral to the appropriate health care services when it is in accordance with the inmate's overall classification.

Copyright Lexipol, LLC 2021/04/23, All Rights Reserved.
Published with permission by Kenosha County Sheriff's Department

Medical Screening - 349

Case 2:22-cv-00970-PP    Filed 01/20/25    Page 4 of 5    Document 80-16

Documents Produced by Kenosha Co. 002131
Blake v. Kenosha Co., et al.

Upon identifying an inmate with a mental disorder, a physician's opinion will be secured within 24 hours, or next sick call, whichever is earliest.

### 712.6 YOUTHFUL INMATE MEDICAL CONSENT AND DISCLOSURE

For youthful inmates that are in custody, it is necessary to obtain authorization for medical treatment and consent disclosure. That process for HSU staff is described below.

1. HSU nurse completing intake will obtain consent by completing the following:
2. Contact parent or guardian as listed in Electronic Medical Record (EMR) via contact information entered by ARS uponintake
3. Complete Juvenile consent form in EMR
4. Complete a progress note (quick note) noting the name and relationship of the person contacted to obtain consent and any other pertinent details of the conversation
5. If the contact information is unavailable at the time of evaluation by HSU staff, HSU staff will attempt to obtain that information from the patient.
6. If one cannot obtain contact information, HSU staff will create a sick call in the patient chart scheduled for the next day-patient will not need to be evaluated, this will be the means of tracking.
7. If consent is not obtained within 72 hours, and the Youthful Inmate is still in-custody, HSU staff will again attempt to contact the parent or legal guardian. This attempt will be logged in the EMR. If no contact is made HSU will contact the HSU Supervisor, who will then contact the Facility Administrator. The Facility Administrator, or designee, will then contact Juvenile Intake for additional information. If no further information is available, Corporation Counsel will be contacted as we may need to petition the Court and ask that a guardian be appointed, or that we be given the permission to provide treatment from the Court based on the circumstances.

- Unsigned forms shall be tracked by creation of a sick call appointment for a phone call task on the nurses' queue, not a patient evaluation.
- Health Services provider shall provide training to HSU staff regarding guidelines for treating youthful inmates.

Copyright Lexipol, LLC 2021/04/23, All Rights Reserved.
Published with permission by Kenosha County Sheriff's Department

Documents Produced by Kenosha Co. 002132
Blake v. Kenosha Co., et al.