IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JUSTIN BLAKE<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID BETH in his individual capacity and official capacity, COUNTY OF KENOSHA a municipal corporation, KYLE BISSONNETTE in his individual and official capacity, JACOB DiCELLO in his individual and official capacity, GLORIA GALVAN in her individual and official capacity, DEREEMEYUN HAYNES in his individual and official capacity, JEREMY MAY in his individual and official capacity, JESSICA BERGMANN in her individual and official capacity, VISITING NURSE COMMUNITY CARE, Inc., KENOSHA VISITING NURSE ASSOCIATION, JOHN DOE OFFICERS in the Kenosha County Sheriff's Department 1-10, WISCONSIN COUNTY MUTUAL INSURANCE COMPANY, ABC INSURANCE COMPANY, and XYZ Insurance Company,<br><br>        Defendants. | Case No: 22 CV 970<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S AMENDED RULE 26(a)(1) Initial Disclosures**

Plaintiff Justin Blake by and through his attorneys Kimberley Cy. Motley of Motley Legal Services and Nathaniel Cade, Jr. of Cade Law Group submit the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedures. Plaintiffs reserve the right to supplement or amend the initial disclosures to include additional investigation. Plaintiff Justin Blake make these disclosures subject to, and without waiving their right to protect from disclosures any and all communications protected by attorney-

EXHIBIT B

client privilege, attorney work product, or another applicable privilege or discovery protections.

I. **Individuals Likely to Have Discoverable Information**

a) Justin Blake, Mr. Blake has knowledge and information concerning all matters and facts related to the allegations in the Complaint, each claim, and damages. Mr. Blake may be reached through his counsel.

b) Jonathan W. Barker, Mr. Barker was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted at
5535 18th Avenue #1; Kenosha, Wisconsin 53140

c) Joseph Cardinali, Mr. Cardinali was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted at:
1618 12th Avenue ; Kenosha, Wisconsin 53140

d) Tanya McLean, Ms. McLean was present for the initial arrest of Mr. Blake. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted at
6020 18th Avenue ; Kenosha, Wisconsin 53143

e) Defendant David Beth, was aware of the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through his counsel.

f) Defendant Kyle Bissonnette, was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through his counsel.

g) Defendant Jacob Dicello, was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through his counsel.

h) Defendant Gloria Galvan, was present for the initial arrest of Mr. Blake. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through her counsel.

i) Defendant Dereemeyun Haynes, was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through his counsel.

j) Defendant Jeremy May, was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through his counsel.

k) Rachael Bellaire, was employed by Kenosha County on or around the tiem of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through his counsel.

l) Defendant Wisconsin County Mutual Insurance Company, may have knowledge as to what if any insurance agreements and other information which Kenosha County had during the subject incident.

m) Unnamed officers of the Kenosha Police Department, Kenosha County Sheriff's Department who witnessed or were involved in the arrest or detention of Plaintiff.

n) Dr. Kevin Fullin – Expert witness report attached.

o) Brian Landers – Expert witness report attached.

p) Dr. G. Klaud Miller - Expert witness report attached.

q) Joseph Rion - Expert witness report attached.

Plaintiff's reserve the right to call any witnesses identified by the Defendant's and any other party in their Initial Disclosures, including supplements thereto, to other written discovery or expert disclosures. Plaintiff reserves the right to supplement, correct, or clarify these Initial Disclosures as discovery progresses.

## II. Description of Documents

A copy – or description – of all documents, data compilations, and other tangible things in the possession, control, or custody of Plaintiff that may be used to support their claims or defenses unless the use would be solely for impeachment.

1. Mr. Blake's file from Kenosha County Jail

2. Kenosha County Jail policies and procedures

3. Investigative reports from Kenosha County Sheriff's Department related to their Investigation of this incident.

4. Videos depicting KCSD's custody of Mr. Blake during the subject incident.

5. Mr. Blake's medical record from NaphCare.

## III. Computation of Damages

At the present time, Plaintiffs are unable to provide a computation of damages. Damages will be based in part on evidence to be determined through the production of expert reports, through evidence provided by Defendant's. Plaintiffs will update this initial disclosure when a computation of damages is achievable. Plaintiffs will be seeking damages in the following categories: actual, compensatory damages, consequential damages, expectation damages, punitive damages, statutory damages, economic damages, interest, and attorney fees and costs.

## IV. Insurance

Plaintiff was insured by Blue Cross Blue Shield Community. Plaintiff reserve the right to supplement, correct, or clarify these initial disclosures as discovery progresses.

Dated this 22nd day of March 2024.

**MOTLEY LEGAL SERVICES**

By: *s/Kimberley Cy. Motley*
Kimberley Cy. Motley, SBN: 1047193
P.O. Box 1433
Matthews, North Carolina 28106
(704) 763-5413 (phone)
(704) 582-6229 (fax)
kmotley@motleylegal.com

Attorney for Plaintiff