IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JUSTIN BLAKE,

     Plaintiff,

     v.                              Case No. 22-CV-970

DAVID BETH in his individual capacity and official
capacity,
COUNTY OF KENOSHA a municipal corporation,
KYLE BISSONNETTE in his official capacity,
JACOB DiCELLO in his official capacity,
GLORIA GALVAN in her official capacity,
DEREEMEYUN HAYNES in his official capacity
JEREMY MAY in his official capacity,
JESSICA BERGMANN in her individual and official capacity,
VISITING NURSE CARE, INC.,
KENOSHA VISITING NURSE ASSOCIATION,
JOHN DOE OFFICERS in the Kenosha County
Sheriff's Department 1-10,
JANE DOE MEDICAL PROFESSIONALS in their
individual and official acpacities
WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY, and
ABC INSURANCE COMPANY,

     Defendants.

---

**DEFENDANTS, DAVID G. BETH, COUNTY OF KENOSHA, KYLE BISSONNETTE, JACOB DICELLO, GLORIA GALVAN, DEREEMEYUN HAYNES AND JEREMY MAY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

To:    Justin Blake
        c/o Mr. Nathaniel Cade, Jr.
        Cade Law LLC
        P. O. Box 170887
        Milwaukee, WI 53217
        --Attorneys for Plaintiff

Defendants, David G. Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes and Jeremy May, by their attorneys, Crivello, Nichols & Hall, S.C., and for their Response to Justin Blake's First Set of Interrogatories and Second Requests for Production of Documents, dated February 15, 2023, state as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1 KENOSHA COUNTY:** Please provide the names of all persons responding to the Request for Production of Documents and identify which documents they were responsible for providing.

**RESPONSE:** The County Defendants object to this interrogatory on the grounds that it seeks information regarding administrative or other employees who may have provided incidental services in obtaining information used to respond to these requests for production. Subject to and without waiving said objections, Sgt. Douglas Simpson, with assistance of counsel.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 13:** Please provide the complete internal and external investigative file, jail file, and all other documents in your possession with regards to the arrest of **Justin Blake** on April 25, 2021, and April 26, 2021 such documents include but are not limited to: video, reports, police reports, memo books, witness statements, press releases, witness statements, crime lab reports, property inventories, videos, witness statements, pictures, dash camera video, body camera video, audio recordings, pictures any and all notes, complete internal investigation

2

reports, inter-office communications, inter-departmental communications, out of office communications, emails, text messages, and all evaluations, any and all assessments, etc.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information as it is unclear what is meant by "complete internal and external investigation." Subject to and without waiving said objections, see previously produced documents bates stamped at 000003 – 000004, 000010-000012, 000013-000017, 000019, 000021, 000026-000027, 000047-000072, 000078-000080. In addition, see documents bates stamped at 000287-000350. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 14:** Please provide the complete internal and external investigative file, jail file, and all documents in your possession with regards to the arrest of **Jonathan Barker** on April 25, 2021, and April 26, 2021. Such documents include but are not limited to: video, reports, police reports, memo books, witness statements, press releases, witness statements, crime lab reports, property inventories, videos, witness statements, pictures, dash camera video, body camera video, audio recordings, pictures any and all notes, complete internal investigation reports, inter-office communications, inter-departmental communications, out of office communications, emails, text messages, and all evaluations, any and all assessments, etc.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information as it is unclear what is meant by "complete internal and

3

external investigation." Subject to and without waiving said objections, see documents previously bates stamped at 000001, 000005-000007, 000013-000015, 000018. In addition, see documents bates stamped at 000351-000389. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 15:** Please provide the complete internal and external investigative file, jail file, and all documents in your possession with regards to the arrest of **Joseph M. Cardinali** on April 25, 2021, and April 26, 2021. Such documents include but are not limited to: video, reports, police reports, memo books, witness statements, press releases, witness statements, crime lab reports, property inventories, videos, witness statements, pictures, dash camera video, body camera video, audio recordings, pictures any and all notes, complete internal investigation reports, inter-office communications, inter-departmental communications, out of office communications, emails, text messages, and all evaluations, any and all assessments, etc.

**RESPONSE:** The Couty Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information as it is unclear what is meant by "complete internal and external investigation." Subject to and without waiving said objections, see documents previously bates stamped at 000002, 000008-000009, 000013-000015, 000020. In addition, see documents bates stamped 000390-504. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

4

**REQUEST NO. 16:** Please provide any and all communications sent or received by any of the defendants whether it be by email, letter, text messages, etc. from April 25, 2021, through present regarding the arrest of Justin Blake on April 25, 2021.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information. Subject to and without waiving said objections, see documents bates stamped 000505-000523. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 17:** All documents, including all Communications between any employee or elected official of Kenosha County and any news media on the subject of the arrest of Justin Blake on April 25 & 26 2021, including but not limited to all video-recorded interviews, audio-recorded interviews, emails, text messages, articles, or written correspondence.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information. Subject to and without waiving said objections, see documents bate stamped 000524-000545. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 18:** Please provide complete and unredacted documents of the personnel file, internal files, and human resource documents of **David Beth** during their employment with the Kenosha County Sheriff's Department ("KSD"). Such documents should include but not be limited to any and all, employment application documents, disciplinary

5

records, background investigation files, training records, performance evaluations, complaints, etc. with regards to his employment at KSD.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information as it is unclear what is meant by "complaints, etc." Subject to and without waiving said objections, see documents bates stamped 000546-000931. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 19:** Please provide complete and unredacted documents, personnel file, internal files, and human resource documents of **Kyle Bissonnette** during their employment with the Kenosha County Sheriff's Department, hereinafter referred to as the "KSD." Such documents should include but not be limited to any and all, employment application documents, disciplinary records, background investigation files, training records, performance evaluations, complaints, etc. with regards to his employment at KSD.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information as it is unclear what is meant by "complaints, etc." Subject to and without waiving said objections, see documents bates stamped 000932-001144. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 20:** Please provide complete and unredacted documents, personnel file, internal files, and human resource documents of **Jacob DiCello** during their employment with the Kenosha County Sheriff's Department, hereinafter referred to as the "KSD." Such documents

6

should include but not be limited to any and all, employment application documents, disciplinary records, background investigation files, training records, performance evaluations, complaints, etc. with regards to his employment at KSD.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information as it is unclear what is meant by "complaints, etc." Subject to and without waiving said objections, see documents bates stamped 001145-001417. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 21:** Please provide complete and unredacted documents, personnel file, internal files, and human resource documents of **Gloria Galvan** during their employment with the Kenosha County Sheriff's Department, hereinafter referred to as the "KSD." Such documents should include but not be limited to any and all, employment application documents, disciplinary records, background investigation files, training records, performance evaluations, complaints, etc. with regards to her employment at KSD.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and it not reasonably calculated to lead to the discoverable information as it is unclear what is meant by "complaints, etc." Subject to and without waiving said objections, see documents bates stamped 001418-001542. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

7

**REQUEST NO. 22:** Please provide complete and unredacted documents, personnel file, internal files, and human resource documents of **Dereemeyun Hayes** during their employment with the Kenosha County Sheriff's Department, hereinafter referred to as the "KSD." Such documents should include but not be limited to any and all, employment application documents, disciplinary records, background investigation files, training records, performance evaluations, complaints, etc. with regards to his employment at KSD.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and it not reasonably calculated to lead to the discoverable information as it is unclear what is meant by "complaints, etc." Subject to and without waiving said objections, see documents bates stamped 001543-001787. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 23:** Please provide complete and unredacted documents, personnel file, internal files, and human resource documents of **Jeremy May** during their employment with the Kenosha County Sheriff's Department, hereinafter referred to as the "KSD." Such documents should include but not be limited to any and all, employment application documents, disciplinary records, background investigation files, training records, performance evaluations, complaints, etc. with regards to his employment at KSD.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and it not reasonably calculated to lead to the discoverable information as it is unclear what is meant by "complaints, etc."

8

Subject to and without waiving said objections, see documents bates stamped 001788-002028. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 24:** All documents, complaints, investigations, reports, and communications relating the use of the Emergency Restraint Chair created or received by any persons within the Kenosha Sheriff's Department from January 1, 2018 to present.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and it not reasonably calculated to lead to the discoverable information. Subject to and without waiving said objections, see documents produced at RFP 7 and documents bates stamped 002029-002041. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 25:** All documents, contracts as well as amendments to contracts, and communications relating to the purchase and of the Emergency Restraint Chair by the Kenosha Sheriff's Department from January 1, 2018 to present.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and it not reasonably calculated to lead to the discoverable information. Subject to and without waiving said objections, None. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

9

**REQUEST NO. 26:** All documents, contracts as well as amendments to contracts, communications and Instructions relating to the Emergency Restraint Chair made with E.R.C, Inc. or any other vendors, by the Kenosha Sheriff's Department from January 1, 2000 to present.

**RESPONSE:** See response to RFP 25.

**REQUEST NO. 27:** All documents, incident reports and behavioral logs of the Emergency Restraint Chair being used by the Kenosha County Sheriff's Department from January 1, 2015 to present.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information. Subject to and without waiving said objections, see documents produced at RFP 13. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 28:** Please provide the complete documents of the below trainings, procedures, and embedded videos, links, documents, etc. of the following training as it existed from January 1, 2018, through present by the KSD:

a.  Use of Force, including the use of force against persons under the custody, care or control of persons working for the Kenosha Sherriff's Department.

b.  Use of Restraints

c.  Use of Emergency/Restraint Chair

d.  Medical Screening

10

e.      Jail Booking policies and procedures

f.      Custody Staff Responsibilities

g.      Healthcare for Inmates

h.      Daily Zone Logs and Inmate Observation Logs

i.      Disciplinary policies and procedures of the KSD employees

j.      Policies on how to deal with violent inmates

k.      Reporting requirements, policies, and procedures of KSD who observe or  believe that another employee or contractor of KSD has violated the Code  of    Conduct,    a    Standard Operating Procedure, Department policy, or state or federal law in the performance of his or her duties.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and is not reasonably calculated to lead to discoverable information as it is unclear what is meant by "complete documents." Subject to and without waiving said objections, see documents bates stamped at:

a) See bates stamped 002078 – 002085.

b) See bates stamped 000119 – 000123 and 000153 - 000156

c) See bates stamped 000022 – 000025 and 000029 - 000046

d) See bates stamped 002086 - 002095

e) See bates stamped 000081 – 000090, 000091 – 000118 and 002076 - 002077

f) See bates stamped 000081 – 000118 and 002096 – 002110.

g) See bates stamped 000145 – 000152 and 002096 – 002110.

h) See bates stamped 000073 - 0000077

i) See responses to K.

j) See bates stamped 00022 – 000025, 000124 – 000129, 000130 – 000131, 000132 – 000144, 000153 – 000156 and 002078 – 002085.

k) See bates stamped 002042 – 002075.

Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 29**: Please provide any and all contracts between NaphCare and Kenosha County in relation to medical care for persons detained, jailed, or incarcerated from January 1, 2018, to present.

**RESPONSE:** The County Defendants object to this request on the basis that it is unduly burdensome, vague, overly broad, seeks irrelevant information, and not reasonably calculated to lead to discoverable information. Discovery remains ongoing and Defendants reserve the right to amend and/or supplement this response.

**REQUEST NO. 30:** Please provide any and all contracts between any and all healthcare providers and Kenosha County in relation to medical care for persons detained, jailed, or incarcerated from January 1, 2018 to present.

**RESPONSE:** See responses to RFP No. 29 and 31

12

Dated this 1st day of April, 2024.

By: _____
SAMUEL C. HALL, JR.
State Bar No. 1045476
STEVEN C. MCGAVER
State Bar No. 1051898
BRIANNA J. MEYER
State Bar No. 1098293
Attorneys for Defendants, David G. Beth,
County of Kenosha, Kyle Bissonnette, Jacob
DiCello, Gloria Galvan, Dereemeyun Haynes
and Jeremy May
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail:   shall@crivellolaw.com
          smcgaver@crivellolaw.com
          bmeyer@crivellolaw.com

13