IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JUSTIN BLAKE,

    Plaintiff,

v.                                                     Case No. 22-CV-970

DAVID BETH in his individual capacity and official capacity,
COUNTY OF KENOSHA a municipal corporation,
KYLE BISSONNETTE in his official capacity,
JACOB DiCELLO in his official capacity,
GLORIA GALVAN in her official capacity,
DEREEMEYUN HAYNES in his official capacity
JEREMY MAY in his official capacity,
JOHN DOE OFFICERS in the Kenosha County Sheriff's Department 1-10,
WISCONSIN COUNTY MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

    Defendants.

---

## DEFENDANTS DAVID G. BETH, COUNTY OF KENOSHA, KYLE BISSONETTE, JACOB DICELLO, GLORIA GALVAN, DEREEMEYUN HAYNES AND JEREMY MAY'S RULE 26(a)(1) INITIAL DISCLOSURES

---

Defendants, David G. Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes and Jeremy May (herein, "Kenosa County Defendants"), by their attorneys, Crivello Carlson, S.C., submit the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Kenosha County Defendants reserve the right to supplement or amend the initial disclosures to include additional investigation. Kenosha County Defendants make these disclosures subject to, and without waiving, their right to protect from

disclosures any and all communications protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or discovery protection.

**A.     The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    1.    Kenosha County employees and officials as well as Kenosha County Sheriff's Department ("KCSD") employees and officials, including but not limited to:

        a.    <u>Admissions/Release Specialist Rachael Bellaire</u>: Ms. Bellaire was employed by Kenosha County on or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through arrangements with counsel.

        b.    <u>KCSD Deputy Kyle Bissonnette</u>: Mr. Bissonnette is a named party to this matter and was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

        c.    <u>Correctional Officer Jacob P. DiCello</u>: Mr. DiCello is a named party to this matter and was employed by Kenosha County on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

        d.    <u>Correctional Officer Gloria E. Galvan</u>: Ms. Galvan is a named party to this matter and was employed by Kenosha County on or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through arrangements with counsel.

        e.    <u>KCSD Deputy Allison George</u>: Ms. George was employed by KCSD on or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through arrangements with counsel.

        f.    <u>Correctional Officer Dereemeyun M. Haynes</u>: Mr. Haynes is a named party to this matter and was employed by Kenosha County on or around the

2

time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

g. <u>Correctional Officer Stephanie Kohnke</u>: Ms. Kohnke was employed by Kenosha County on or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through arrangements with counsel.

h. <u>KCSD Deputy Brian Koschnitzke</u>: Mr. Koschnitzke was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

i. <u>KCSD Sergeant Kenneth Krenz</u>: Mr. Krenz was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

j. <u>KCSD Deputy Julia Mancl</u>: Ms. Mancl was employed by KCSD on or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through arrangements with counsel.

k. <u>KCSD Sergeant Ryan J. Markowski</u>: Mr. Markowski was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

l. <u>KCSD Sergeant Jeremy May</u>: Mr. May is a named party to this matter and a Sergeant for Kenosha County who was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

m. <u>KCSD Lieutenant Neil Paulson</u>: Mr. Paulson was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

n. <u>KCSD Sergeant Michael Pittsley</u>: Mr. Pittsley was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

o. <u>KCSD Deputy Christopher Schneider</u>: Mr. Schneider was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

p. <u>KCSD Lieutenant Kenneth D. Urquhart</u>: Mr. Urquhart was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted through arrangements with counsel.

q. <u>Veronica Gloria</u>: Ms. Gloria was employed by Kenosha County on or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through arrangements with counsel.

r. <u>Victoria Maccari</u>: Ms. Maccari was employed by Kenosha County on or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted through arrangements with counsel.

2. Kenosha Police Department ("KPD") employees and officials, including but not limited to:

    a. <u>KPD Sergeant Lang</u>: Mr. Lange was employed by KCSD on or around the time of the incident. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted at:

        1000 55th Street
        Kenosha, WI 53140
        (262) 656-1234

3. <u>Jessica Bergmann</u>: Ms. Bergmann was employed by NaphCare on or around the date of the incident and was present at the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. Ms.Bergmann's contact information is currently unknown.

4. Representative(s) of NaphCare: Kenosha County contracts with NaphCare to provide medical care to inmates. Its representative(s) will be identified through the course of discovery in this matter and may have knowledge and information of the events leading up to and following the subject incident. Their contact information is currently unknown.

4. Associates of Mr. Blake's present for the arrest, including but not limited to:

4

a. <u>Jonathan Wesley Barker</u>: Mr. Barker was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted at:

> 4714 40th St. Northbound
> Milwaukee, WI 53209

b. <u>Joseph Michael Cardinali</u>: Mr. Cardinali was present for the initial arrest of Mr. Blake. He may have knowledge and information of the events leading up to and following the subject incident. He may be contacted at:

> 1618 12th Ave.
> Kenosha, WI 53140

5. Any and all individuals identified as a witness throughout the investigation of the incident, including but not limited to:

   a. <u>Judith Christine Devine</u>: Ms. Devine was present at or near the Kenosha County Records Department at or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. She may be contacted at:

   > 1203 53rd Ave.
   > Kenosha, WI 53144
   > (262) 914-5129

   b. <u>Bonnie Cunningham</u>: Ms. Cunningham was present at or near the Kenosha County Records Department at or around the time of the incident. She may have knowledge and information of the events leading up to and following the subject incident. Ms. Cunningham's contact information is currently unknown.

6. Any and all individuals referenced in the documents listed along with Kenosha County Defendants' and Plaintiff's Rule 26(a)(1) Initial Disclosures, and in any documents produced by any party in discovery.

7. Kenosha County Defendants hereby incorporates any other witnesses identified by any other party in their Initial Disclosures, including supplements thereto, or other written discovery or expert disclosures and, further, hereby reserve the right to amend, supplement, correct, or clarify these Initial Disclosures as discovery progresses.

Defendants reserve the right to supplement, correct, or clarify these initial disclosures as discovery progresses.

**B.     A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

    1.    Mr. Blake's file from Kenosha County Jail

    2.    Kenosha County Jail policies and procedures

    3.    Investigative reports from Kenosha County Sheriff's Department related to their investigation of this incident

    4.    Twenty-three (23) videos depicting KCSD's custody of Mr. Blake during the subject incident.

    5.    One (1) recorded jail telephone call made by Mr. Blake.

Defendants reserve the right to supplement, correct, or clarify these initial disclosures as discovery progresses.

**C.     A computation of any category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable. Kenosha County Defendants specifically reserve the right to amend this response.

**D.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Enclosed please find a copy of Kenosha County's insurance policy through Wisconsin Municipal Mutual Insurance Company.

6

Dated this 30 day of November, 2022.

CRIVELLO CARLSON, S.C.

By: _____
SAMUEL C. HALL, JR.
State Bar No. 1045476
STEVEN C. MCGAVER
State Bar No. 1051898
BRIANNA J. MEYER
State Bar No. 1098293
Attorneys for Defendants, David G. Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyum Haynes and Jeremy May

CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: shall@crivellocarlson.com
smcgaver@crivellocarlson.com
bmeyer@crivellocarlson.com