IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JUSTIN BLAKE,

    Plaintiff,

v.                                                       Case No. 22-CV-970

DAVID BETH in his individual capacity and official
capacity,
COUNTY OF KENOSHA a municipal corporation,
KYLE BISSONNETTE in his official capacity,
JACOB DiCELLO in his official capacity,
GLORIA GALVAN in her official capacity,
DEREEMEYUN HAYNES in his official capacity
JEREMY MAY in his official capacity,
JESSICA BERGMANN in her individual and official capacity,
VISITING NURSE CARE, INC.,
KENOSHA VISITING NURSE ASSOCIATION,
JOHN DOE OFFICERS in the Kenosha County
Sheriff's Department 1-10,
JANE DOE MEDICAL PROFESSIONALS in their
individual and official capacities
WISCONSIN MUNICIPAL MUTUAL INSURANCE
COMPANY,
ABC INSURANCE COMPANY, and
XYZ INSURANCE COMPANY,

    Defendants.

**DEFENDANTS DAVID BETH, COUNTY OF KENOSHA, KYLE BISSONNETTE, JACOB DICELLO, GLORIA GALVAN, DEREEMEYUN HAYNES, JEREMY MAY, AND WISCONSIN MUNICIPAL MUTUAL INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE AND FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

        Defendants David Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes, Jeremy May, and Wisconsin Municipal Mutual Insurance Company ("County Defendants"), by and through their attorneys, Crivello, Nichols & Hall, S.C., pursuant to Fed. R. Civ. P. 12(f), Civil L.R. 41(d), and 28 U.S.C. § 1927, respectfully submit this reply brief in

support of their motion to strike and for sanctions because of Plaintiff's conduct in litigating summary judgment.

The County Defendants agree that it is unfortunate that the underlying motion had to be filed, but it is Plaintiff's actions that necessitated the same. The majority of Plaintiff's thirty-page brief completely misses the point and focuses on details not at issue. Plaintiff either misunderstands or ignores the County Defendants' arguments, belabors irrelevant discovery disputes that were never brought before the Court, and attempts to flip the script by asking this Court to instead sanction the County Defendants for daring to bring attention to Plaintiff's improper behavior. The fact that Plaintiff does not appear to understand what the problematic conduct was is, in and of itself, cause for concern and warrants this Court's admonition.

I. **THIS COURT MUST STRIKE PORTIONS OF PLAINTIFF'S PROPOSED FINDINGS OF FACT IN OPPOSITION TO DEFENDANTS' VNCC AND JESSICA BERGMAN'S MOTION FOR SUMMARY JUDGMENT (DKT. 95), PORTIONS OF PLAINTIFF'S PROPOSED FINDINGS OF FACT IN OPPOSITION TO THE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 99), AND PORTIONS OF PLAINTIFF'S BRIEF IN OPPOSITION TO THE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 97).**

Plaintiff argues that because the County Defendants had knowledge that the municipal trial was calendared and at the time of filing summary judgment Plaintiff had not yet entered a plea deal, and had knowledge that certain witnesses existed generally, Plaintiff could not possibly have done anything wrong with how he handled litigation in this case. (*See* Dkt. 113, pp. 10-19). As explained in their moving brief, the County Defendants do not take issue with the fact that the municipal trial happened[1]. (Dkt. 110, p. 12). What the County Defendant **do** take issue with is (1) the manner in

---

[1] Plaintiff additionally attempts to shoehorn in arguments against the underlying municipal citations arguing they were "bogus." (Dkt. 113, pp. 17-18). Not only are the merits of the citations not at issue with respect to the instant motion,

2

which Plaintiff went about securing an extension of time; and (2) Plaintiff's surprise tactic use of the testimony that was not subject to cross-examination or further challenge by parties to this case, in violation of Fed. R. Civ. P. 26.

As set forth in the moving brief, when examined in hindsight and after receiving Plaintiff's summary judgment response materials, it is clear why Plaintiff sought the fifty-five day extension to file the same: Plaintiff did not gather the evidence he needed during discovery in this case, so he had to wait until his municipal trial for a last ditch effort to gather more testimony for which none of the defense counsel were able to conduct cross examination.[2]

Moreover, at no point prior to filing his response brief did Plaintiff notify any party of this testimony, in violation of Rule 26(a). "[W]ithout awaiting a discovery request," Plaintiff was **required** to provide the other parties with:

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(ii). And, Plaintiff was **required** to provide such disclosure in a timely manner. Fed. R. Civ. P. 26(e). Plaintiff obtained the testimony he now clings to on March 10, 2025. (Dkt. 98-2). The first notice any party received of this testimony was April 15, 2025[3]. (*See id.*) Even

---

but whether Plaintiff was found guilty of the municipal ordinance violations has no bearing on Plaintiff's underlying claims, either.
[2] Notably, the extension certainly was not for any necessary briefing in *Mahajni v. Milwaukee County*, E.D. Wis. case 24-CV-416, from which plaintiff's counsel has since withdrawn and never filed any appellee response brief. 24-CV-416-PP, Dkt. 56, "Notice of Withdrawal of Counsel."
[3] While Plaintiff is correct that Kenosha County was the entity that prosecuted his municipal citations, Plaintiff again misses the point. (*See* Dkt. 113, pp. 13-14). At issue in the municipal trial was whether Plaintiff committed certain ordinance violations; at issue in this case is whether any of the named defendants violated Plaintiff's constitutional rights. Moreover, counsel for Kenosha County is completely separate in both matters: in this instance, the undersigned has

3

worse, Plaintiff never properly disclosed the testimony; rather, Plaintiff simply wove the testimony into his response materials and left it to the defendants to see if they would "catch" it. (*See* Dkt. 95, 97, 98-2, 99, 100).

Plaintiff engaged in similar chicanery when asking for additional space to respond to the County Defendants' motion for summary judgment. Plaintiff sought an extension of up to 45 pages and 150 proposed findings of fact to respond to the County Defendants' summary judgment pleadings, based on "the number of arguments [the County Defendants] raised." (Dkt. 92). Plaintiff then entirely failed to respond to roughly two-thirds of the County Defendants' arguments **and** failed to respond to most of the remaining claims with respect to immunity. (*See* Dkt. 97). All said, after requesting all this additional time and space before filing his response materials, Plaintiff sufficiently briefed just one claim[4]. (*See id.*)

Furthermore, the County Defendants do not take issue with the fact that certain witnesses exist. Instead, the County Defendants are concerned with the late amended disclosures which, when taken in conjunction with the above-detailed conduct, points to obstruction of discovery by Plaintiff. If, as Plaintiff contends, his first set of disclosures were truly meant to encompass all named witnesses of other parties, (*See* Dkt. 113, p. 7), one must ask, what was the point of amending to specifically name the four witnesses found in others' initial disclosures[5]? And why did it take Plaintiff so long to amend his disclosures to name the additional ten witnesses he allegedly learned

---

been retained; in the municipal matter, the District Attorney's Office appeared on behalf of Kenosha County. (Dkt. 98-2).

[4] The County Defendants maintain they are entitled to summary judgment on that claim.

[5] Four is not "most of" fourteen, as Plaintiff contends. (Dkt. 113, p. 8).

4

Case 2:22-cv-00970-PP   Filed 06/03/25   Page 4 of 10   Document 115

of early on in litigation? (*See id.* at pp. 8-10). Plaintiff offers no explanation, because no sufficient explanation exists.

Plaintiff also suggests that, because the County Defendants took Plaintiff at his word and did not object to either the motion to extend Plaintiff's deadline or extend the page limit, the County Defendants cannot now take issue with Plaintiff's conduct. (*See* Dkt. 113, pp. 1, 15, 27). Plaintiff asks this Court to find that it does not matter whether Plaintiff was truthful with the parties and the Court in his pleadings, and that it is too bad, so sad, that the County Defendants (and the Court) believed Plaintiff's representations. Not only is Plaintiff's argument misplaced, but it is alarming.

The County Defendants did not object to Plaintiff's request for an extension of time based on Plaintiff's representations regarding scheduling, but we now know the true reasons behind Plaintiff's request. Similarly, the County Defendants did not object to Plaintiff's request for additional pages and proposed facts in response to motions for summary judgment based on Plaintiff's representation that Plaintiff would be using that extra space to address the large number of arguments raised by the County Defendants. Instead, Plaintiff used **forty-five** pages to address only **six** claims and the issue of punitive damages; to which the County Defendants had only fifteen pages to reply. Plaintiff now blames the County Defendants for being naïve enough to believe Plaintiff's representations to the Court and apparently thinks the County Defendants should have to bear the consequences of Plaintiff's actions. Plaintiff seeks to establish a dangerous precedent.

Plaintiff further elects to argue that defense counsel, by name, is somehow advancing arguments on behalf of the Medical Defendants. (Dkt. 113, pp. 2, 11). This is simply not true. A vast majority of Plaintiff's proposed findings of fact in response to the Medical Defendants' motion for summary judgment contain allegations against the County Defendants and have nothing to do with the Medical Defendants. (*See* Dkt. 95). The County Defendants are allowed to request the Court

5

strike portions of those proposed facts; suggesting otherwise would encourage litigants to litter pleadings with allegations against one party but title the document as directed towards another—which is exactly what Plaintiff did here.

Based on Plaintiff's conduct, the appropriate solution is to strike the portions of Plaintiff's Proposed Findings of Face in Opposition to Defendants' VNCC and Jessica Bergman's Motion for Summary Judgment (Dkt. 95), Plaintiff's Proposed Findings of Fact in Opposition to the County Defendants' Motion for Summary Judgment (Dkt. 99), and Plaintiff's Brief in Opposition to the County Defendants' Motion for Summary Judgment (Dkt. 97) that refer to the improperly obtained evidence.

## II. PLAINTIFF'S COUNSEL UNREASONABLY AND VEXATIOUSLY MULTIPLIED THESE PROCEEDINGS SUCH THAT AN AWARD OF FEES AND COSTS IS APPROPRIATE.

Plaintiff contends that the County Defendants should have moved to dismiss the claims, and that it is the County Defendants' own fault that they had to brief the claims on summary judgment. (Dkt. 113, pp. 20-21). Plaintiff either forgets or ignores that the standard for a motion to dismiss and the standard for summary judgment are completely different. (*Compare* Fed. R. Civ. P. 12(b) *with* Fed. R. Civ. P. 56; *see also*, *Bell Atlantic v. Twombly*, 550 U.S. 544, 566, 570 (2007), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, it is Plaintiff that has the duty to conduct due diligence before filing any claims and Plaintiff's counsel must make reasonable inquiry into both fact and law before moving forward. *See Brown v. Federation of State Medical Boards of the U.S.*, 830 F.2d 1429, 1435 (7th Cir. 1987) (abrogated on other grounds). Moreover, it is not a defendant's responsibility to ensure that a plaintiff (or his or her counsel) complies with basic legal and ethical obligations, which include a continuing obligation to dismiss claims that are not viable. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 704-705 (7th Cir. 2014); *In*

6

*re Perry*, 918 F.2d 931, 935-6 (Fed. Cir. 1990); *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Plaintiff's next argument is that it was the County Defendants' responsibility to guess ahead of time that Plaintiff would forfeit over half of his claims after reviewing the moving briefs on summary judgment; therefore, the County Defendants should have pre-emptively sent a Rule 11 letter. (Dkt. 113, pp. 21-22). Under Plaintiff's logic, defendants in all cases are required, as a matter of course, to send Rule 11 letters warning Plaintiffs that "if somehow you do not have the evidence to support these claims and are planning to forfeit them on summary judgment, you should just dismiss them now." Instead of demonstrating his compliance with (1) the obligations under Rule 11(b); or (2) the language of 28 U.S.C. § 1927, Plaintiff baselessly blames the County Defendants for his actions.

Plaintiff also complains that the County Defendants did not point to case law establishing that abandoning certain claims in response to summary judgment constitutes vexatious conduct. (*Id.* at pp. 22-27). Unfortunately, Plaintiff is well aware that such case law exists. A similar motion for similar conduct is pending against one of Plaintiff's counsel[6] in *Schukar, et al. v. Kenosha County, et al.*, E.D. Wis. case 23-CV-880-JPS. In response to that motion, the Plaintiffs also claimed ignorance of any on-point case law. 23-CV-880-JPS, Dkt. 76, "Plaintiff's Brief in Opposition to Defendants' Joint Motion for Sanctions, Dkt. 74," pp. 12-15. As was explained through briefing in *Schukar*, the court in *Lambach v. Conte*, E.D. Wis. case 21-CV-1032-JPS at footnote 10 admonished:

---

[6] While *Schukar* only involves one of the two firms that appear on behalf of Plaintiff, both firms appear on the signature block of Plaintiff's response brief, (*see* Dkt. 113, p. 31), and therefore, both firms apparently approved of the content of the filing. It is also worth noting that many portions of the response brief Plaintiff filed here appears to be based largely on the *Shukar* response brief. (*Compare, e.g.,* Dkt. 113, pp. 21-30 *with* 23-CV-880-JPS, Dkt. 76, "Plaintiff's Brief in Opposition to Defendants' Joint Motion for Sanctions, Dkt. 74," pp. 12-18).

7

> Defendants argue, and the Court agrees, that Plaintiffs' failure to disclose their abandonment of this claim "steps concerningly close to the line of litigating a frivolous claim." ECF No. 37 at 2, n.2. Plaintiffs' reasoning for abandoning their unreasonable search claim is that their own retained expert opined that the search warrants were supported by probable cause. ECF No. 34 at 9. Even if Plaintiffs were not aware of this deficiency in their claim early on in discovery, *see* ECF No. 26 at 22–27 (joint statement of facts, detailing Plaintiffs' responses to written discovery), they knew of it well before the August 2022 summary judgment deadline—Plaintiffs' expert was deposed on May 20, 2022. *See id.* at 17 (stipulating that Plaintiffs' expert stated the search warrants were supported by probable cause). Yet Plaintiffs litigated as if they were still pressing the unreasonable search claim, assenting to (if not insisting on) the inclusion of many details related to the search warrants in the parties' joint statement of facts.
>
> Plaintiffs make only a weak showing that their failure to disclose the abandonment of the unreasonable search claim had anything to do with continuing to press their other claims. Plaintiffs maintain that, despite the validity of the search warrants, Detective Conte should have evaluated the fruits of the search to determine whether they supported probable cause for Laurene Gramling Lambach's arrest (and his failure to do so compels the conclusion that her arrest was improper). ECF No. 34 at 9. While the Court will consider this argument in the context of Plaintiffs' unlawful arrest, false imprisonment, and unlawful detention claims, it has no bearing on the unreasonable-search claim.
>
> Defendants do not request sanctions against Plaintiffs for this conduct, and the Court will not impose them. However, **the Court does not look kindly on Plaintiffs' counsel's apparent decision to allow opposing counsel to continue litigating a claim that Plaintiffs' counsel likely believed was frivolous. This behavior is not acceptable from attorneys practicing before this or any branch of the court**. "[W]hile every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court." ECF No. 13 at 9. But that is just what Plaintiffs have done here—forced the expenditure of resources on a deadend claim, at the expense of other cases and litigants on the Court's docket.

(emphasis added). While Judge Stadtmueller presided over both *Schukar* and *Lambach*, and while Judge Stadtmueller has a particular procedure intended to define the scope of litigation early, the message is clear and can apply to all courts evenly: plaintiffs may not force litigation on knowingly deadend claims. That is precisely what Plaintiff did here.

Perhaps most telling, however, is the fact that a similar motion is pending in another court for the conduct of at least one of Plaintiff's counsel. This is not a fluke; this is a pattern that can only

8

be stopped by the Court's intervention. At this point, it is clear that the purpose of Plaintiff's counsel's conduct is to unreasonably and vexatiously multiply proceedings and force defendants to expend unnecessary fees and costs fighting claims that will almost certainly be conceded after defendants move for summary judgment.

Finally, Plaintiff ends his argument by stating the parties have been able to get through litigation without requesting court intervention on a motion to compel or any other dispute[7]. (Dkt. 113, pp. 27-29). This is correct, but it is completely unclear what a lack of prior discovery dispute has to do with Plaintiff's conduct currently at issue. At end, Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings, and this Court should issue an order awarding fees and costs to the County Defendants.

## III. THIS COURT SHOULD DENY PLAINTIFF'S RETALIATORY REQUEST FOR SANCTIONS.

Plaintiff's request for this Court to sanction the County Defendants for bringing Plaintiff's behavior to light is nothing but a retaliatory, baseless red herring. The County Defendants agree that parties are expected to act professionally; unfortunately, Plaintiff failed to do so here and is now upset that the conduct is being brought to light. No party revels in filing these motions, but this conduct needs to be stopped.

## **CONCLUSION**

For the reasons set forth herein as well as those contained in the County Defendants' moving brief, and in the interests of justice, the County Defendants respectfully request that the Court enter an Order striking portions of Plaintiff's Proposed Findings of Face in Opposition to

---

[7] While County Defendants agree Court intervention was unnecessary prior to the filing of summary judgment, County Defendants do not agree with Plaintiff's characterization of the exchange of discovery, and the Plaintiff seeking repeated production of the same materials time and again. As that issue is not before the Court, the County Defendants will not address it any further.

9

Defendants' VNCC and Jessica Bergman's Motion for Summary Judgment (Dkt. 95), portions of Plaintiff's Proposed Findings of Fact in Opposition to the County Defendants' Motion for Summary Judgment (Dkt. 99), and portions of Plaintiff's Brief in Opposition to the County Defendants' Motion for Summary Judgment (Dkt. 97), and awarding them costs, expenses, and attorneys' fees in pursuing summary judgment.

Dated this 3rd day of June, 2025.

By: /s Brianna J. Meyer
SAMUEL C. HALL, JR.
State Bar No. 1045476
STEVEN C. MCGAVER
State Bar No. 1051898
BRIANNA J. MEYER
State Bar No. 1098293
Attorneys for Defendants, David G. Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes, Jeremy May, and Wisconsin Municipal Mutual Insurance Company
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: shall@crivellolaw.com
smcgaver@crivellolaw.com
bmeyer@crivellolaw.com