JUSTIN BLAKE,

     Plaintiff,

     v.                                   Case No. 22-CV-970

COUNTY OF KENOSHA a municipal corporation,
KYLE BISSONNETTE in his official capacity,
JACOB DiCELLO in his official capacity,
GLORIA GALVAN in her official capacity,
DEREEMEYUN HAYNES in his official capacity
JEREMY MAY in his official capacity,
JESSICA BERGMANN in her individual and official capacity,
NAPHCARE, VISITING NURSE CARE, INC.,
JOHN DOE OFFICERS in the Kenosha County Sheriff's Department 1-10,
JANE DOE MEDICAL PROFESSIONALS in their individual and official capacities
WISCONSIN COUNTY MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

     Defendants.

## COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S EXPEDITED NON-DISPOSITIVE LOCAL RULE 7(h) MOTION AND REQUEST FOR ORAL ARGUMENT WITH REGARD TO MOTION FOR RECONSIDERATION

Defendants County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes, Jeremy May, and Wisconsin Municipal Mutual Insurance Company ("County Defendants"), by their attorneys, Crivello Nichols & Hall, S.C., respectfully submit the following Response to Plaintiff's expedited non-dispositive local rule 7(h) motion and request for oral argument with regard to his motion for reconsideration (Dkt. 129) of the Court's order granting County Defendants' motion to strike as a motion for sanctions under Fed. R. Civ. P.

37(c) and Order granting County Defendants' motion for sanctions under 28 U.S.C. §1927 (Dkt. 124).

In their request for oral argument, Plaintiff makes a conclusory statement without elaboration, explanation, or argument that the Court will benefit from hearing the parties' oral arguments about facts related to the motion to reconsider. Plaintiff also adds commentary and criticism about decisions this Court has already made.

Oral argument is not necessary in this case because it would be a waste of time. The decision to hear oral argument is at the discretion of the Court, pursuant to Civil Local Rules 7(e) and 7(h). However, this Court is already aware of the relevant issues and the extensive written arguments that have been made (and continue to be made) by the parties. Plaintiff has **fully** briefed his position, filing an 18-page brief, attaching a two-page declaration of Attorney Kimberley Motley, and adding 15 pages of exhibits to the declaration, all in support of Plaintiff's motion for reconsideration. Defendants will file a timely response with arguments opposing Plaintiff's motion. Oral argument will offer nothing but an opportunity for Plaintiff's counsel to repeat the same tired arguments that have already been offered *ad nauseum*.

For all the aforementioned reasons, oral argument is not necessary for the Court to make an informed decision on the motions pending before it, and Plaintiff's motion for oral argument should be denied.

Dated this 5th day of May, 2026.

By: *s/ Anna M. Kees*
SAMUEL C. HALL, JR.
State Bar No. 1045476
STEVEN C. MCGAVER
State Bar No. 1051898
ANNA M. KEES
State Bar No. 1073980
Attorneys for Defendants, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes, Jeremy May, and Wisconsin Municipal Mutual Insurance Company
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: shall@crivellolaw.com
smcgaver@crivellolaw.com
akees@crivellolaw.com