IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JUSTIN BLAKE,

    Plaintiff,

    v.                             Case No. 22-CV-970

DAVID BETH in his individual capacity and official capacity,
COUNTY OF KENOSHA a municipal corporation,
KYLE BISSONNETTE in his official capacity,
JACOB DiCELLO in his official capacity,
GLORIA GALVAN in her official capacity,
DEREEMEYUN HAYNES in his official capacity
JEREMY MAY in his official capacity,
JESSICA BERGMANN in her individual and official capacity,
VISITING NURSE CARE, INC.,
KENOSHA VISITING NURSE ASSOCIATION,
JOHN DOE OFFICERS in the Kenosha County Sheriff's Department 1-10,
JANE DOE MEDICAL PROFESSIONALS in their individual and official capacities
WISCONSIN COUNTY MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

    Defendants.

---

### DECLARATION OF STEVEN C. MCGAVER

---

I, Steven McGaver declare, pursuant to 28 U.S.C. §1746, and under penalty of perjury, that the following is true and correct:

1. I am an attorney licensed to practice and am in good standing in the State of Wisconsin.

2. I am one of the attorneys representing defendants David Beth, County of Kenosha, Kyle Bissonnette, Jacob DiCello, Gloria Galvan, Dereemeyun Haynes,

1

Jeremy May and Wisconsin Municipal Mutual Insurance Company ("the County Defendants") in the above-captioned matter.

3. I make this declaration based upon my personal knowledge of the facts attested to herein.

4. Pursuant to Dkt. 124, I make this declaration in support of excess costs and fees incurred by Crivello Nichols & Hall, S.C., in preparing summary judgment and sanctions materials.

5. Attached hereto as Exhibit A is a true and correct copy of redacted Crivello Nichols & Hall, S.C. invoices related to the preparation of the County Defendants' motion for summary judgment and for sanctions against the Plaintiff totaling $37,800.00.

6. Specifically, of the 18 claims brought by the Plaintiff, 15 of those claims were brought against those County Defendants. Of the 15 claims brought against the County Defendants, all but five claims were "abandoned" by Plaintiffs, which was revealed during summary judgment briefing.

7. Because of this, we attribute two-thirds (2/3) of our work done on summary judgment briefing to addressing claims that were abandoned by the Plaintiff, leaving one-third (1/3) of the Plaintiff's claims against the County Defendants intact.

2

8.      Using the above calculations we have reduced invoices related to the preparation of the Defendants' Motion for Summary Judgment and for sanctions against the Plaintiff—totaling $36,720—by one-third (1/3) to $**24,480**.

9.      The Seventh Circuit has explicitly approved the use of ratio-based calculations to apportion sanctions. In *Divane v. Krull Electric Co.*, the district court "computed a ratio of the amount of fees it was prepared to award against the amount originally requested and then apportioned costs accordingly." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 320 (2003). The Court of Appeals affirmed the district court's method, noting that "it was reasonable to expect that portion of the fees attributable to the sanctionable conduct would bear a relationship to the portion of the costs attributable to the same." *Id.*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of May, 2026.

*s/ Steven C. McGaver*
Steven C. McGaver
Wisconsin State Bar No. 1051898

3