**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

---

JUSTIN BLAKE,

          Plaintiff,

     v.

DAVID BETH, et al.,

        Defendants.

Case No: 22-cv-0970

---

### PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION TO STAY

---

Plaintiff, Justin Blake, by his attorneys Motley Legal Services and Cade Law Group, files this expedited motion, pursuant to Local Rule 7(h), for a stay of briefing related to the County Defendants only, pending the Court's decision on Plaintiff's motion for reconsideration. Dkt. 129-130.

On April 2, 2026, the Court filed its Decision and Order granting summary judgment and addressed Defendants' argument regarding vexatious litigation under 28 U.S.C. § 1927. Per its Order, the Court instructed Defendants to file an affidavit and supporting documentation "describing all costs and fees they incurred *preparing* summary judgment materials to defend against Plaintiff's voluntarily dismissed claims." Dkt. 124, p. 49 (emphasis added). Additionally, the Court allowed the Defendant parties to file another motion for summary judgment on any remaining claims by June 12, 2026. Dkt. 124.

On May 1, 2026, however, Plaintiff filed a motion for reconsideration of the Court's Order. Dkt. 129. The Court has not yet ruled on that motion and its outcome impacts Plaintiff's ability to respond to the County Defendants' newly filed motion for summary judgment. Namely, the motion for reconsideration asks for a reversal related to the

municipal transcripts that were obtained only thirteen (13) days prior to Plaintiff's response to summary judgment. The Court sanctioned Plaintiff for his failure to turn over those transcripts to Defendants, despite the motions for summary judgment already being filed, and despite the flexibility embedded into Federal Rules of Civil Procedure 26(e). Plaintiff's request is essentially for the Court to reconsider the municipal transcripts as part of the record for purposes of summary judgment, and until the Court renders its decision, Plaintiff is unclear whether those transcripts can or cannot be used in the preparation of the second round of summary judgment briefing. A district court's inherent power to control their own docket provides them with discretion when deciding whether a stay is necessary. *Clinton v. Jones*, 520 U.S. 681, 706–07, 117 S. Ct. 1636, 137 L.Ed.2d 945 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 165–166, 81 L.Ed. 153 (1936)).  A stay is warranted under these circumstances.

## CONCLUSION

Plaintiff requests that this Court **GRANT** Plaintiff's Motion to Stay Plaintiff's deadline to respond to County Defendants' second motion for summary judgment until the court decides Plaintiff's Motion for Reconsideration.


 Dated this 19th day of June, 2026

**MOTLEY LEGAL SERVICES**

*/s/ Kimberley Cy. Motley*
Kimberley Cy. Motley SBN: 1047193
P.O Box 1433
Matthews, NC 28106
(704) 765-4887 (phone)
(704) 582-6229 (fax)
kmotley@motleylegal.com

**CADE LAW GROUP LLC**

*/s/ Nathaniel Cade, Jr.*
Nathaniel Cade, Jr SBN: 1028115
Annalisa Pusick SBN: 1116379
PO Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-law.com

3